IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 6:11-CV-00015 |
| SKYGUARD, LLC; CANTALOLUPE SYSTEMS, INC., SPACE DATA CORPORATION; MEDAPS, INC.; MEI, INC.; and NOVATEL WIRELESS, INC., | § § § § § § | JURY TRIAL REQUESTED |
| Defendants. | § § § | |

## DEFENDANT SKYGUARD, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant SkyGuard, LLC ("SkyGuard") respectfully moves the Court for an Order dismissing Plaintiff EON Corp. IP Holdings, LLC's ("EON") Original Complaint with respect to SkyGuard.

## INTRODUCTION

EON's Complaint accuses SkyGuard of patent infringement using generic infringement allegations that fail to meaningfully identify any accused products or provide other specific facts necessary for the asserted claims. EON's vague claims fall far short of the pleading requirements in Fed. R. Civ. P. 8(a)(2) and Form 18, mandating dismissal of the Complaint with respect to SkyGuard. Specifically, EON's Complaint does not conform to the requirements of Rule 8 and Form 18 because it:

- Contains numerous inconsistencies that obscure the number of patents asserted against SkyGuard and the timeframe over which EON will pursue its infringement allegations, despite EON's representations before the bankruptcy court;

- Fails to identify SkyGuard's accused instrumentalities with sufficient particularity, despite the nature of the technology at issue and the detailed allegations provided for all five other defendants; and

- Fails to explain how SkyGuard allegedly indirectly infringes the asserted patents or identify the third party direct infringer in connection with that indirect infringement.

EON's failure to put forth an adequate complaint prejudices SkyGuard by limiting its ability to prepare its defenses and preventing it from identifying potential third-party indemnitors. Accordingly, EON's Complaint should be dismissed with respect to SkyGuard.

## BACKGROUND

EON filed its Complaint on January 27, 2011, alleging patent infringement by six different Defendants, including SkyGuard. In its Complaint, EON alleges patent infringement using both a single boilerplate allegation against all Defendants, as well as a general allegation against each specific Defendant. The generic allegations against all Defendants are located in paragraph 24 of the Complaint:

> 24. Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are now infringing at least one claim of the Patents-in-Suit by making, using, selling, offering for sale, or importing two-way communication networks, network components, and/or associated products and services, including without limitation, those two-way communication networks, network components, and products and services named in the preceding paragraphs that embody at least one claim of the Patents-in-Suit or are specially configured for use in and constitute a material portion of the patented invention(s). Defendants have been and are infringing the Patents-in-Suit literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or to induce infringement by others, alone or through their relationships with network providers, network component manufacturers, wireless network operators, customers and/or end users.

Complaint, ¶ 24. The general allegations against SkyGuard are located in paragraph 17:

> 17. Skyguard filed for bankruptcy in the Central District of California on April 10, 2009. On September 30, 2009, the bankruptcy court confirmed Skyguard's Chapter 11 plan, effective October 1, 2009. Upon information and belief, Skyguard makes, uses, sells, offers for sale, and/or imports two-way communication networks (comprising subscriber units, base stations, network hub

switching centers, and receivers) and associated products and services that embody one or more claims of each of the '101 and '546 Patents or are specially configured for use in and constitute a material portion of the patented invention. For example, upon information and belief, Skyguard's two-way communication networks provide customers with paging, messaging, and/or telemetry services that fall within the scope of at least one claim of each of the '101 and '546 Patents. In addition to its networks and services, Skyguard sells, offers for sale or imports network components specially configured for use in and constituting a material portion of the patented invention (e.g., two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers). Skyguard's two-way communication networks, network components, and associated products and services are not staple articles or commodities of commerce suitable for substantial noninfringing use. Upon information and belief, Skyguard sells, offers for sale, or imports two-way communication networks, network components, and associated products and services in the United States knowing that they will become a material part of an invention that infringes the '101 and '546 Patents. Since September 30, 2009, when the bankruptcy court confirmed Skyguard's bankruptcy plan, Skyguard has been and is presently infringing at least one claim of each of the '101 and '546 Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, customers and/or end-users.

Complaint, ¶ 17. Both sets of allegations lack sufficient detail to state a plausible claim for relief. Viewing the Complaint as a whole, the allegations against SkyGuard: (1) are inconsistent regarding the number of asserted patents and the timeframe for which EON will pursue its infringement claims; (2) fail to identify SkyGuard's accused instrumentalities with sufficient particularity; and (3) fail to identify any direct infringer or claims of direct infringement in connection with EON's claims for indirect infringement.

## ARGUMENT

**A.    Rule 8 and Form 18 Require a Plaintiff to Identify Specific Facts in Patent Cases**

A plaintiff must identify sufficient facts to support its infringement claims under Rule 8 and the suggested form of pleading under Form 18. Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court set forth clear standards for Rule 8, thereby eliminating a

plaintiff's ability to assert boilerplate and conclusory allegations to survive a motion to dismiss. A plaintiff must plead facts sufficient to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (quotations omitted). Legal conclusions, as opposed to well-pled factual allegations, are not presumed to be true in the context of a motion to dismiss. *Id.*

The Supreme Court has also made clear that a plaintiff must plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 544). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Since *Iqbal*, this Court has regularly dismissed complaints that inartfully allege direct and indirect patent infringement that fail to identify specific facts, including the accused products, the asserted claims, and/or direct infringers in connection with indirect infringement claims.[1]

---

[1] *See, e.g., Landmark Tech. LLC v. Aeropostale*, Civ. No. 6:09 CV 262, 2010 WL 5174954, at *1 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where complaint accused "products and services using electronic commerce systems"); *Bedrock Computer Techs., LLC v. Softlayer Techs, Inc.,* Civ. No. 6:09 CV 269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where complaint did "not identify any accused products or services" or "expressly identify a direct infringer"); *Joao Bock Transaction Sys., LLC v. AT&T, Inc.*, Civ. No. 6:09 CV 208, 2010 WL 5343173, at *3 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where complaint did "not identify any accused products or services" or "expressly identify a direct infringer"); *i2 Techs., Inc. v. Oracle Corp.*, Civ. No. 6:09 CV 194, Mem. Op. and Order, Dkt No. 79, at 4 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where

In addition, Rule 8 must be read in harmony with the suggested form of pleading set forth in Form 18. *See, e.g., Bedrock*, 2010 WL 5175172, at *2 ("The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18."). Specifically, Form 18's brief and concise example of a Complaint for Patent Infringement includes the identification of an accused product commensurate with the scope of the technology at issue. Fed. R. Civ. P. 84, App. Form 18 (identifying an electric motor as an accused product where the asserted patent related to an invention in an electric motor).

B.   **The Inconsistent Allegations Throughout EON's Complaint Obscure Rather Than Clarify the Boundaries of EON's Claims**

As an initial matter, EON's Complaint is riddled with inconsistent allegations that frustrate SkyGuard's ability to adequately discern EON's claims for relief. EON's Complaint obscures both the number of patents asserted against SkyGuard as well as the timeframe over which it intends to pursue damages for infringement, despite EON's prior representations in bankruptcy proceedings. At a hearing before the Bankruptcy Court in the Central District of California, EON stated that this infringement action would be limited to infringement occurring after SkyGuard's bankruptcy plan was approved. Exh. 1, at 5:13-18. Yet, neither the number of asserted claims nor the timeframe of infringement is clear from the face of EON's Complaint.

Although EON's general allegations against SkyGuard in paragraph 17 reference only two patents—the '101 and '546 Patents—the remainder of the Complaint is not so limited. For instance, EON begins its Complaint by defining the Patents-in-Suit to include *three* patents: the '101 Patent, the '546 Patent, and the '491 Patent. Then, in paragraph 24, in the section entitled "Infringement of the Patents-in-Suit," EON alleges that "Defendants have been and are

---

complaint "assert[ed] eleven patents, fail[ed] to identify any asserted claims or any accused products or services for each of the patents-in-suit, fail[ed] to identify which patents are indirectly infringed, [and] fail[ed] to identify a direct infringer in reference to its indirect infringement claims").

infringing the Patents-in-Suit…." Further, in its "Prayer for Relief," EON prays that "each Defendant be adjudged to have infringed each of the Patents-in-Suit." To the extent that EON's Complaint can be read to assert all three patents against SkyGuard, EON has failed to state a claim by failing to plead infringement of all three patents with the required specificity.

Similar problems exist with the timeframe over which EON intends to pursue damages. Again, in EON's general allegations against SkyGuard in paragraph 17, EON appears to restrict itself to infringement allegations "[s]ince September 30, 2009, when the bankruptcy court confirmed Skyguard's bankruptcy plan." EON's infringement allegations in paragraph 24, however, contain no such restriction. Even more perplexing, EON's Complaint later states that "Skyguard has deliberately and willfully infringed since at least October 16, 2008," Complaint, ¶ 26, which is nearly a year prior to the date provided in paragraph 17. To the extent the EON's Complaint can be read to pursue infringement prior to confirmation of SkyGuard's bankruptcy plan, those allegations are contrary to EON's express representations and would violate the bankruptcy court's order confirming the plan.

C. **EON's Direct Infringement Claim Should be Dismissed Because the Complaint Fails to Satisfy the Minimum Pleading Requirements of Rule 8 and Form 18.**

Even ignoring the glaring inconsistencies in EON's Complaint and construing EON's allegations against SkyGuard solely under paragraph 17, EON's allegations still do not give rise to a plausible claim for relief under Rule 8 or Form 18.

As noted above, EON's Complaint alleges direct infringement of the Patents-in-Suit against all Defendants with a single boilerplate allegation, accusing "two-way communication networks, network components, and/or associated products and services" of infringement. Complaint, ¶ 24. Perhaps realizing that this extremely vague identification alone does not satisfy Rule 8, EON's Complaint goes on to include "those two-way communication networks, network

components, and products and services named in the preceding paragraphs." *Id.* The preceding paragraphs, however, provide no additional detail regarding SkyGuard:

> … Upon information and belief, Skyguard makes, uses, sells, offers for sale, and/or imports two-way communication networks (comprising subscriber units, base stations, network hub switching centers, and receivers) and associated products and services that embody one or more claims of each of the '101 and '546 Patents or are specially configured for use in and constitute a material portion of the patented invention. For example, upon information and belief, Skyguard's two-way communication networks provide customers with paging, messaging, and/or telemetry services that fall within the scope of at least one claim of each of the '101 and '546 Patents. In addition to its networks and services, Skyguard sells, offers for sale or imports network components specially configured for use in and constituting a material portion of the patented invention (e.g., two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers). …

Complaint, ¶ 17.

EON's description of two-way communication networks as "comprising subscriber units, base stations, network hub switching centers, and receivers" is mere boilerplate repeated for each Defendant. *See* Complaint, ¶¶ 17-21. Similarly, EON's vague identification of "two-way communication networks [that] provide customers with paging, messaging, and/or telemetry services" and "network components" provide no more substantive detail than the identification of "electronic commerce systems" that was rejected by this Court in *Landmark*, 2010 WL 5174954, at *1. Because neither paragraph 17 nor paragraph 24 identifies SkyGuard's accused products or instrumentalities with sufficient particularity, EON's Complaint fails to satisfy either Rule 8 or the *Iqbal* standard.

This conclusion is also supported by EON's failure to conform to the suggested pleading requirements in Form 18. In the context of technology that is *more* complicated and less easily discernible than the electric motor referenced in Form 18[2]—namely an "Interactive Nationwide

---

[2] The level of identification sufficient to satisfy Rule 8 and Form 18 will vary depending on the nature of the case. *See, e.g., Landmark*, 2010 WL 5174954, at *3 ("The Court determines whether the complaint

Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units," Complaint, ¶¶ 13-14—EON's vague description of "two-way communication networks provid[ing] customers with paging, messaging, and/or telemetry services" and "network components" is more generic than that suggested in the Form. As a result, EON's allegations are simply insufficient to provide EON with the level of notice to adequately and meaningfully prepare a defense to the claims which Rule 8 requires.

Even more telling than the context of the asserted patents, however, is the context of the Complaint itself. Viewed in light of the entire Complaint, EON's generic allegations against SkyGuard stand in stark contrast to its detailed allegations against the other Defendants. For instance, while EON vaguely alleges that "Skyguard's two-way communication networks provide customers with paging, messaging, and/or telemetry services," Complaint, ¶ 17, EON specifically alleges with respect to the other Defendants that:

- "Cantaloupe's telemetry communication networks (e.g., Seed systems) facilitate two-way, machine-to-machine communication between Cantaloupe's headquarters and vending machines equipped with subscriber units called Seed Wireless Devices," Complaint, ¶ 18;

- "Space Data's telemetry communication networks (e.g., SkySite Networks) employ the ReFLEX protocol to facilitate two-way communication for various forms of remote monitoring," Complaint, ¶ 19;

- "MedApp's telemetry communication networks (e.g., MedApps Mobile Wireless Health Monitoring System facilitate two-way communication for remote monitoring of health information," Complaint, ¶ 20; and

- "MEI's telemetry communication network (e.g., MEI Easitrax Vending Management Solution) facilitate two-way communication for remote monitoring of vending machines," Complaint, ¶ 21.

---

states a plausible claim for relief by examining the complaint in context…."); *see also Bender v. LG Elecs. U.S.A., Inc.,* No. C 09-02114, 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010) ("[T]he example in Form 18 is 'limited to a single 'type' of product' and 'simply does not address a factual scenario' involving a multitude of allegedly infringing products.") (quotation omitted)).

Similarly, EON accuses SkyGuard of selling, offering for sale, or importing unnamed "network components." Complaint, ¶ 17. Elsewhere in its Complaint, however, EON specifically accuses the other Defendants of selling, offering for sale, or importing:

- "network components (e.g., Seed Wireless Device subscriber units)," Complaint, ¶ 18;

- "network components (e.g., SkySite Locator SL-3100, SkySite Locator SL-3300, SkySite Modem RM-1000 and SkySite Modem SM-1010)," Complaint, ¶ 19;

- "network components (e.g., HealthPAL models MA105 GSM and MA 106 CDMA, HealthAIR, HealthHUB models MA200 Smart Dock and MA205/MA206 Mini Dock, and HealthCOM)," Complaint, ¶ 20; and

- "network components (e.g., MEI Easitrax Remote Data Port)," Complaint, ¶ 21.[3]

Whether EON deliberately omitted sufficient detail from its Complaint with respect to SkyGuard as a result of their contentious litigation history is unclear. Regardless of the reason, however, in the context of this litigation, the technology at issue, and the detail provided in the remainder of the Complaint, EON's allegations against SkyGuard do not satisfy Rule 8.

**D.   EON's Indirect Infringement Allegation Fails to Specify Facts Sufficient to Satisfy Rule 8.**

EON's indirect infringement allegations are even more deficient than its direct infringement allegations. Rather than tailoring its indirect infringement allegations to each Defendant, EON's boilerplate allegation in paragraph 24 is essentially the same as the General Allegations against each Defendant.[4] As to SkyGuard, EON alleges:

> … Since September 30, 2009, when the bankruptcy court confirmed Skyguard's bankruptcy plan, Skyguard has been and is presently infringing at least one claim of each of the '101 and '546 Patents literally or under the doctrine of equivalents,

---

[3] Although EON's allegations against Novatel in paragraph 22 pertain to a different patent, EON specifically accuses Novatel's "dual mode network equipment (e.g., mobile hotspots including but not limited to MiFi 2200, MiFi 2352, and MiFi 2372)." *See* Complaint, ¶ 22.

[4] *Compare* Complaint, ¶ 24, *with* Complaint, ¶¶ 17-21.

> directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through is relationships with network component manufacturers, wireless network operators, customers and/or end-users.

Complaint, ¶ 17.

EON's allegations contain numerous flaws. Nowhere does EON describe how SkyGuard allegedly infringes the asserted patents indirectly. Moreover, even if the direct infringement allegations referenced in Section C were interpreted to extend to indirect infringement, those allegations would still contain the same defects identified before. Finally, in addition to suffering from all of the same deficiencies as EON's direct infringement claims, EON's claim for indirect infringement also fails to identify a third party direct infringer, instead referring merely to "others." *See* Complaint, ¶ 17. Although the allegation mentions "network component manufacturers, wireless network operators, customers and/or end-users," it does not identify them as third party direct infringers. Instead, EON alleges that SkyGuard infringes "alone or through is relationships with" those parties, implying that they are joint infringers, not third parties induced into direct infringement by SkyGuard.

It is well-established that allegations of indirect infringement require direct infringement by some third-party. *See, e.g. Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1349 (Fed. Cir. 2003). This Court has repeatedly granted motions to dismiss where direct infringers have not been identified or have been identified only generically. *See, e.g., Eolas Tech., Inc. v. Adobe Sys., Inc.*, No. 6:09 CV 446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (failing to identify direct infringer); *Landmark*, 2010 WL 5174954, at *3 (identifying "customers" as direct infringers). Here, EON fails to assert any claim of direct infringement by any third party related to the indirect infringement claim asserted in the Complaint. Applying the Rule 8 standard

articulated in *Iqbal*,[5] it is evident that EON's complaint fails to state a plausible claim for relief for indirect infringement because it omits facts necessary to inform SkyGuard of what it must defend. *See*, *e.g.*, *Eolas*, 2010 WL 2026627, at *3. Thus, EON's inadequate pleading renders the allegations of indirect infringement insufficient under Rule 8, and any claim of indirect infringement must be dismissed as a matter of law.

### E. EON's Deficient Complaint Unfairly Prejudices SkyGuard's Ability to Prepare a Proper Defense.

If EON's Complaint is not dismissed, SkyGuard will suffer unreasonably in the preparation of its defense. To properly respond to EON's Complaint, SkyGuard must conduct a fair investigation of the allegations, identify individuals with relevant information, make an informed judgment about preservation of relevant documents, and identify potential third parties from which to seek indemnity or which may be necessary additional parties to be added under Fed. R. Civ. P. 16. However, armed with nothing more than EON's vague and inconsistent allegations of infringement, SkyGuard lacks the basic information required to even begin this process. Assuming EON complied with its Rule 11 obligation to perform a reasonable inquiry before filing its Complaint, there is no acceptable reason for EON to intentionally and unnecessarily hide this information from SkyGuard.

Furthermore, EON providing this information later during discovery does not lessen the harm from EON's deficient Complaint now. Without an adequate, well-pled complaint, the Court should not permit a plaintiff to proceed with costly discovery and an impending trial. *See Twombly*, 550 U.S. at 557-558. The Supreme Court made it clear in *Iqbal* that a motion to dismiss "does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at

---

[5] As "Form 18 does not address indirect infringement claims," *i2*, Civ. No. 609 CV 194, Mem. Op. and Order, Dkt No. 79, at 4-5, the Court is only left to Rule 8 and the standard articulated under *Iqbal* to determine whether to dismiss EON's claim of indirect infringement.

1953. Indeed, early discovery obligations such as those provided in the Local Patent Rules cannot trump a plaintiff's obligations as set forth by the Supreme Court in *Iqbal*. *See, e.g., Landmark*, 2010 WL 5174954, at *4 (finding that complaint must have enough specificity to give Defendant sufficient notice under Rule 8). Simply put, any obligations that EON may ***later*** have under the Local Patent Rules are not a substitute for a well-pled complaint ***now*** and do not alleviate the prejudice to SkyGuard that this Complaint creates.

## CONCLUSION

As the foregoing demonstrates, EON's Complaint fails to meet the requirements of Rule 8, the standards articulated by the Supreme Court interpreting Rule 8, and Form 18, and should be dismissed with respect to SkyGuard.

Dated: February 21, 2011.
                                                                  Respectfully submitted,

*/s/ Joshua P. Martin*
Joshua P. Martin
TX Bar No. 24037030
josh.martin@alston.com
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Phone: 214-922-3400
Fax: 214-922-3899
***Lead Attorney***

**ATTORNEYS FOR DEFENDANT SKYGUARD, LLC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 21st day of February, 2011.

>  */s/   Joshua P. Martin*
> Joshua P. Martin