**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 6:11-CV-00015 |
| | § | |
| **SKYGUARD, LLC; CANTALOLUPE** | § | |
| **SYSTEMS, INC., SPACE DATA** | § | **JURY TRIAL REQUESTED** |
| **CORPORATION; MEDAPS, INC.;** | § | |
| **MEI, INC.; and NOVATEL** | § | |
| **WIRELESS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**DEFENDANT SKYGUARD, LLC'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISSFOR FAILURE TO STATE A CLAIM**

EON Corp. IP Holdings, LLC ("EON") attempts throughout its response briefing to cure

the deficiencies in its allegations against SkyGuard, LLC ("SkyGuard") by filling in the gaps in

its complaint, explaining away the inconsistencies, and further defining its claims.  EON's

belated explanations, however, cannot remedy the fatal defects in its complaint, and this Court

should grant SkyGuard's motion to dismiss for failure to state a claim.

**1.  EON's Prior Patent Litigation with SkyGuard Before the Bankruptcy Court Does Not**
**Extinguish its Rule 8 Requirements in this Forum**

As EON acknowledges, SkyGuard and EON have already engaged in extensive patent

litigation before the Bankruptcy Court.  Response, at 7 n. 3.  Now, to bolster its vague allegations

against SkyGuard in the instant case, EON relies on that prior litigation as imparting on

SkyGuard "actual knowledge of the accused products and instrumentalities."  *Id.*  SkyGuard's

knowledge of the accused systems in its prior litigation with EON, however, has little bearing on

the systems EON may now attempt to place into litigation before this Court.  Although EON

claims for the first time in its response that "[t]he accused communication networks in the present matter are identical to those involved in the previous litigation," *id.*, such a claim is conspicuously absent from the complaint.  Because EON's complaint does not provide an adequate identification of the systems it now accuses in this forum, the complaint fails to provide SkyGuard with notice of what it must defend.

## 2.  Viewing the Complaint as a Whole, EON's Infringement Allegations do not Contain the Requisite Specificity to Put SkyGuard on Notice of What it Must Defend

Although this Court has not required that individual products be identified, "[t]he Court examines the description of the accused systems or devices in context to determine whether the description is sufficient" and "considers the description of the accused systems or methods in context to determine whether a defendant-specific identification is required." *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 539 (E.D.Tex. 2010).  Considering the nature of the technology at issue and the detailed allegations against every other defendant, EON's complaint demands further detail regarding SkyGuard.  Rather than addressing the entire complaint in context, however, EON attempts to justify its vague allegations against SkyGuard by shoehorning them into ill-fitting case law.

In *Tune Hunter, Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245 at *1 (E.D. Tex. Apr. 1, 2010), for example, the plaintiff's complaint asserted a single patent with "two claims that teach music identification and purchasing systems."  Not suprisingly, the Court found the complaint's identification of "music identification systems" sufficient in that simple context.  *Id.*  In *Celltrace, LLC v. MetroPCS Commc'ns, Inc.*, No. 6:09-cv-371, slip op. (E.D. Tex. Mar. 29, 2010), moreover, the complaint asserted a single patent entitled "Telecommunications System" against MetroPCS, who did not directly challenge the particularity of that description.  Instead, MetroPCS "inherently argu[ed] that they do not directly

infringe because neither Defendant makes, uses, sells, offers for sale, or imports the *entire* accused instrumentality." *Id.* at 4 (emphasis added) (finding that "[t]he contention that Defendants do not infringe is premature"). Given the technology at issue and MetroPCS' premature challenge on the merits, the Court permitted the identification of "a network for communicating with cellular phones, said network comprising base stations and cellular phones." *Id.* at 1.

But EON's allegations against SkyGuard are readily distinguishable from those above.[1] Here, EON asserts at least two patents with at least 34 total claims directed to far more obscure technology, as evidenced by both the name of the patents, "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" and a brief examination of the claims. *See, e.g.*, U.S. Patent No. 5,388,101, 11:20-25 (reciting, *inter alia*, "[a] base station configuration in a two-way communication interactive video network having a network hub switching center for routing communications from and to a plurality of subscriber units at various geographic locations served by a base station that processes digital data modulated on an r-f carrier").

EON's detailed allegations against every other defendant in this suit further reinforce that conclusion. *See, e.g.*, Complaint, ¶ 18 (explaining that "Cantaloupe's telemetry communication networks (e.g., Seed systems) facilitate two-way, machine-to-machine communication between Cantaloupe's headquarters and vending machines equipped with subscriber units called Seed Wireless Devices"). Although EON claims that the level of detail in those allegations is a mere product of its generosity and "go[es] beyond the requirements imposed by the Federal Circuit,"

---

[1]  Although EON would have the Court believe that "there are no facts of record from which the Court can conclude that the technology involved in a two-way communication network is any more complex than that in an electronic motor [in Form 18]," Response at 6, n. 2, EON is wrong. The complexity of the technology is shown not only by the patents attached to the complaint, but also by the detailed allegations EON provided against every other defendant in its complaint.

Response at 7, the complaint tells a different story.  If the additional description were removed, the infringement allegations against five separate and distinct defendants would consist of nothing more than "two-way communication networks (comprising subscriber units, base stations, network hub switching centers, and receivers)" and "network components."  Such a vague description is simply insufficient.  *See Realtime* 721 F.Supp.2d at 541 (granting motion to dismiss where complaint identified "data compression products and/or services"); *Landmark Tech. LLC v. Aeropostale*, Civ. No. 6:09 CV 262, 2010 WL 5174954, at *1 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss where complaint identified "electronic commerce systems").

EON's indirect infringement allegations are similarly deficient in the context of this complaint.  EON first strains the language of its complaint to interpret "infringing… directly or indirectly… alone or through its relationship with network component manufacturers, wireless network operators, customers and/or end-users" as referring to third party direct infringers rather than joint infringers.  Next, EON believes it alleges indirect infringement based on the sale, offer for sale, or importation of network components.  Response, at 8.  Under EON's strained interpretation, EON thus accuses SkyGuard of selling network components to, among others, network component manufacturers.  Recognizing the inconsistences in this construction, EON tries to save its allegations by pointing the Court to at least "customers and/or end-users."  Response, at 9.  However, SkyGuard should not be forced to parse EON's language to understand its allegations before it can review the Bankruptcy Court rulings, notify indemnitors, and begin preparing its defense.

Moreover, even if the Court finds this to be a sufficient identification of a third party direct infringer, EON's vague identification of "network components" is plainly inadequate to put SkyGuard on notice.  Indeed, because EON relies on the presence of the word "components"

to identify its indirect infringement allegations, the only additional description provided to SkyGuard to understand the nature of these allegations is "network."  But this Court has rejected allegations of indirect infringement that are even less vague than those provided here.  *See, e.g.*, *Landmark*, 2010 WL 5174954, at *3-4 (granting motion to dismiss where complaint identified components of "electronic commerce systems" and "customers" as third party direct infringers). And again, to underscore the deficiencies in its allegations against SkyGuard, EON has provided a much more specific descrption of "network components" when accusing the other defendants in this case.  *See, e.g.*, Complaint, ¶ 19. (identifying exemplary network components "SkySite Locator SL-3100, SkySite Locator SL-3300, SkySite Modem RM-1000 and SkySite Modem SM-1010").  Viewing the complaint as a whole, EON has not put SkyGuard on notice as to what it must defend.

## 3.  Conclusion

EON's complaint does not put SkyGuard on notice as to what SkyGuard must defend. EON's complaint therefore fails to meet the requirements of Rule 8 and should be dismissed with respect to SkyGuard.


Dated: March 18, 2011.                    Respectfully submitted,

*/s/ Joshua P. Martin*
Joshua P. Martin
TX Bar No. 24037030
josh.martin@alston.com
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Phone: 214-922-3400
Fax: 214-922-3899
***Lead Attorney***

**ATTORNEYS FOR DEFENDANT
SKYGUARD, LLC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 18th day of March, 2011.

*/s/ Joshua P. Martin*
Joshua P. Martin