UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CANTALOUPE SYSTEMS, INC.;<br>SPACE DATA CORPORATION; MEI,<br>INC.; NOVATEL WIRELESS, INC.;<br>and ENFORA, INC.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:11-cv-00015<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S AMENDED COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Amended Complaint ("Complaint") for patent infringement against Cantaloupe Systems, Inc. ("Cantaloupe"); Space Data Corporation ("Space Data"); MEI, Inc. ("MEI"); Novatel Wireless, Inc. ("Novatel"); and Enfora, Inc. ("Enfora") (collectively, the "Defendants") for infringement of U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") (collectively, the "Patents-in-Suit") pursuant to 35 U.S.C. §271.

## THE PARTIES

1.     Plaintiff EON is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2.     Defendant Cantaloupe is a Delaware limited liability company with its principal place of business at 612 Howard Street, Suite 600, San Francisco, California 94105.  In addition to Cantaloupe's continuous and systematic conduct of business within the State of Texas and/or

this judicial district, the causes of action against Cantaloupe arose from or are connected with, in part, Cantaloupe's purposeful acts committed in Texas, including for example Cantaloupe's selling, offering for sale, importing, using, contributing to others using and/or inducing others to use two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers.  Cantaloupe engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Cantaloupe's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  The Secretary of State shall forward citation and a copy of this Complaint to Cantaloupe's home or home office, c/o Anant Agrawal, 612 Howard Street, Suite 600, San Francisco, California 94105.

3.      Defendant Space Data is an Arizona corporation with its corporate headquarters at 2535 W. Fairview Street, Suite 101, Chandler, Arizona 85224.  In addition to Space Data's continuous and systematic conduct of business within the State of Texas and/or this judicial district, the causes of action against Space Data arose from or are connected with, in part, Space Data's purposeful acts committed in Texas, including for example Space Data's selling, offering for sale, importing, using, contributing to others using and/or inducing others to use two-way communication comprising subscriber units, base stations, network hub switching centers, and receivers.  Space Data engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and

Remedies Code and Article 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Space Data's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  The Secretary of State shall forward citation and a copy of this Complaint to Space Data's home or home office, c/o C T Corporation System, 2394 East Camelback Road, Phoenix, Arizona 85016.

4.      Defendant MEI is a Delaware corporation with its corporate headquarters at 1301 Wilson Drive, West Chester, Pennsylvania 19380.  In addition to MEI's continuous and systematic conduct of business within the State of Texas and/or this judicial district, the causes of action against MEI arose from or are connected with, in part, MEI's purposeful acts committed in Texas, including for example MEI's selling, offering for sale, importing, using, contributing to others using and/or inducing others to use two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers.  MEI may be served with process through its registered agent, C T Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5.      Defendant Novatel is a Delaware corporation with its corporate headquarters at 9645 Scranton Road, Suite 205, San Diego, California 92121.  In addition to Novatel continuously and systematically conducting business in Texas, the causes of action against Novatel arose from or are connected with, in part, Novatel's purposeful acts committed in Texas, including Novatel's making, using, importing, offering for sale, selling, contributing to others using  and/or inducing the sale of communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent.  Novatel engages in business in but does not maintain a regular place of business in Texas

and has not designated or maintained a resident agent for service of process.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Novatel's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Novatel's home or home office, c/o C T Corporation System, 818 West 7th Street, Los Angeles, California 90017.

6.      Defendant Enfora is a Delaware corporation with its corporate headquarters at 251 Renner Parkway, Richardson, Texas 75080.  In addition to Enfora's continuous and systematic conduct of business within the State of Texas and/or this judicial district, the causes of action against Enfora arose from or are connected with, in part, Enfora's purposeful acts committed in Texas, including for example Enfora's selling, offering for sale, importing, using, contributing to others using and/or inducing others to use two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers.  Enfora may be served with process through its registered agent, Mark A. Weinzierl, 661 East 18th Street, Plano, Texas 75074.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §271.

8.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

9.     This Court has personal jurisdiction over the Defendants under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. §17.042.

10.     This Court has personal jurisdiction over each Defendant.  EON incorporates herein all statements of jurisdiction in the preceding paragraphs.  Upon information and belief, each Defendant has conducted and does conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, imports, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Texas that infringe the Patents-in-Suit, or knowingly contributes to infringement of the asserted patent.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b).

## THE PATENTS-IN-SUIT

12.     On February 7, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '101 Patent entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" after a full and fair examination.  Under an exclusive license, EON is the assignee of all rights, title, and interest in and to the '101 Patent and possesses all rights of recovery under the '101 Patent, including the right to recover damages for past infringement.  On May 10, 2010, the USPTO confirmed in reexamination the validity patent claims 1-18 of the '101 Patent.

13.     On January 2, 1996, the USPTO duly and legally issued the '546 Patent, entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" after a full and fair examination.  Under an exclusive license, EON is the assignee of all rights, title, and interest in and to the '546 Patent and possesses all rights of

recovery under the '546 Patent, including the right to recover damages for past infringement.  On May 11, 2010, the USPTO confirmed in reexamination patent claims 1-14 of the '546 Patent.

14.     On January 7, 1997, the USPTO duly and legally issued the '491 Patent, entitled "Wireless Modem" after a full and fair examination.  Under an exclusive license, EON is the assignee of all rights, title, and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the right to recover damages for past infringement.

15.     Each of the Patents-in-Suit is valid and enforceable.

## GENERAL ALLEGATIONS

16.     Upon information and belief, Cantaloupe makes, uses, sells, offers for sale, and/or imports two-way communication networks (comprising subscriber units, base stations, network hub switching centers, and receivers) and associated products and services that embody one or more claims of each of the '101 and '546 Patents or are specially configured for use in and constitute a material portion of the patented invention.  For example, upon information and belief, Cantaloupe's telemetry communication networks (e.g., Seed systems) facilitate two-way, machine-to-machine communication between Cantaloupe's headquarters and vending machines equipped with subscriber units called Seed Wireless Devices in a manner that infringes at least one claim of each of the '101 and '546 Patents.  In addition to its networks and services, Cantaloupe sells, offers for sale, or imports network components (e.g., Seed Wireless Device subscriber units) specially configured for use in and constituting a material portion of the patented invention (e.g., two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers).  Cantaloupe's two-way communication networks, network components, and associated products and services are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Upon information and

belief, Cantaloupe sells, offers for sale, or imports two-way communication networks, network components, and associated products and services in the United States knowing that they will become a material part of an invention that infringes the '101 and '546 Patents. Cantaloupe has been and is infringing at least one claim of each of the '101 and '546 Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, customers and/or end-users.

17.    Upon information and belief, Space Data makes, uses, sells, offers for sale, and/or imports two-way communication networks (comprising subscriber units, base stations, network hub switching centers, and receivers) and associated products and services that embody one or more claims of each of the '101 and '546 Patents or are specially configured for use in and constitute a material portion of the patented invention. For example, upon information and belief, Space Data's telemetry communication networks (e.g., SkySite Networks) employ the ReFLEX protocol to facilitate two-way communication for various forms of remote monitoring and fall within the scope of at least one claim of each of the '101 and '546 Patents. In addition to its networks and services, Space Data sells, offers for sale or imports network components (e.g., SkySite Locator SL-3100, SkySite Locator SL-3300, SkySite Modem RM-1000 and SkySite Modem SM-1010) specially configured for use in and constituting a material portion of the patented invention (e.g., two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers). Space Data's two-way communication networks, network components, and associated products and services are not staple articles or commodities of commerce suitable for substantial noninfringing use. Upon information and belief, Space Data sells, offers for sale, or imports two-way communication networks, network

components, and associated products and services in the United States knowing that they will become a material part of an invention that infringes the '101 and '546 Patents. Space Data has been and is presently infringing at least one claim of each of the '101 and '546 Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, customers and/or end-users.

18.     Upon information and belief, MEI makes, uses, sells, offers for sale, and/or imports two-way communication networks (comprising subscriber units, base stations, network hub switching centers, and receivers) and associated products and services that embody one or more claims of each of the '101 and '546 Patents or are specially configured for use in and constitute a material portion of the patented invention. For example, upon information and belief, MEI's telemetry communication networks (e.g., MEI Easitrax Vending Management Solution) facilitate two-way communication for remote monitoring of vending machines and fall within the scope of at least one claim of each of the '101 and '546 Patents. In addition to its networks and services, MEI sells, offers for sale or imports network components (e.g., MEI Easitrax Remote Data Port) specially configured for use in and constituting a material portion of the patented invention (e.g., two-way communication networks comprising subscriber units, base stations, network hub switching centers, and receivers). MEI's two-way communication networks, network components, and associated products and services are not staple articles or commodities of commerce suitable for substantial noninfringing use. Upon information and belief, MEI sells, offers for sale, or imports two-way communication networks, network components, and associated products and services in the United States knowing that they will become a material part of an invention that infringes the '101 and '546 Patents. MEI has been

and is presently infringing at least one claim of each of the '101 and '546 Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, customers and/or end-users.

19.     Upon information and belief, Novatel makes, uses, sells, offers for sale, and/or imports dual mode network equipment and associated products and services that are specially configured for use in and constitute a material portion of the patented invention (e.g., subscriber units, base stations, and/or network hub switching centers, and modems deployed and operated in accordance with one or more claims of the '491 Patent).  For example, upon information and belief, Novatel provides dual mode network equipment (e.g., mobile hotspots including but not limited to MiFi 2200, MiFi 2352, and MiFi 2372) specially configured and intended for use in dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that fall within the scope of at least one claim of the '491 Patent by enabling mobile devices to switch between communication paths having radio access network components and Wi-Fi network components.  Novatel's dual mode network equipment and associated products and services are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Upon information and belief, Novatel sells, offers for sale, or imports its dual mode network equipment and associated products and services in the United States knowing that they will become a material part of an invention that infringes the '491 Patent.  Novatel has been and is presently infringing at least one claim of the '491 Patent literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships

with network component manufacturers, wireless network operators, wireless customers and/or end-users.

20.     Upon information and belief, Enfora makes, uses, sells, offers for sale, and/or imports two-way communication products and services that embody one or more claims of each of the '101 and '546 Patents or are specially configured for use in and constitute a material portion of the patented invention.   For example, upon information and belief, Enfora makes, uses, sells, offers for sale and/or imports Enfora N4A Intelligent Devices (including but not limited to the Spider MT 3000, the Spider MT 2500, the Spider MT 100, the Spider MT-Gu, the Spider MT-Gi, the Mini MT, the Spider AT3000, the Spider AT 4000he Spider AT 3010, the Spider SA-G+, and the Enabler III and Enabler HS 1000 modules) and Enfora N4A Management and Communications Software Platform and the N4A Services Architecture, including but not limited to the Enfora Gateway and Provisioner, and other related software and applications that are specially configured for use in and constitute a material portion of the patented invention. Enfora's two-way communication products and services are not staple articles or commodities of commerce suitable for substantial noninfringing use.   Upon information and belief, Enfora makes, sells, offers for sale, and/or imports these infringing products and services in the United States knowing that they will become a material part of an invention that infringes the '101 and '546 Patents.   Enfora has been and is presently infringing at least one claim of each of the '101 and '546 Patents literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, customers and/or end-users.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

21.     EON repeats and realleges the allegations set forth in the above paragraphs as if those allegations have been fully set forth herein.

22.     Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are now infringing at least one claim of the Patents-in-Suit by making, using, selling, offering for sale, or importing two-way communication networks, network components, and/or associated products and services, including without limitation, those two-way communication networks, network components, and products and services named in the preceding paragraphs that embody at least one claim of the Patents-in-Suit or are specially configured for use in and constitute a material portion of the patented invention(s).  Defendants have been and are infringing the Patents-in-Suit literally or under the doctrine of equivalents, directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through their relationships with network providers, network component manufacturers, wireless network operators, customers and/or end users.

23.     Any infringement after the date of service of this Complaint will be deliberate and willful.

24.     Skyguard has deliberately and willfully infringed since at least October 16, 2008, when it received written notice from Plaintiff.

25.     EON is in compliance with the requirements of 35 U.S.C. §287.

26.     Defendants' infringement will continue unless enjoined by this Court.

27.     EON has no adequate remedy at law against the Defendants' acts of infringement.

28.     EON has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement.

29.     EON has been damaged by Defendants' infringement, and will continue to be damaged until this Court enjoins the Defendants from infringing the Patents-in-Suit.

30.     The Defendants, by way of their infringing activities, have caused and continue to cause EON to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, EON prays for the following relief:

A.     That each Defendant be adjudged to have infringed each of the Patents-in-Suit, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents;

B.     That each Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate EON for the Defendants' past infringement and any continuing or future infringement up until the date the Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

D.     A judgment and order requiring the Defendants to pay the costs of this action (including all disbursements) as well as attorneys' fees as provided by 35 U.S.C. §285;

E.     An award to EON of pre-judgment and post-judgment interest on its damages; and

F.     Such other and further relief in law and/or in equity as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated: October 25, 2011

Respectfully submitted,

*/s/ Jeff Johnson*
Jeffery Johnson
Texas Bar No. 24048572
Daniel Scardino
Texas Bar No. 24033165
Cabrach J. Connor
Texas Bar No. 24036390
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Telephone:  512-474-2449
Fax:  512-474-2622
dscardino@reedscardino.com
jjohnson@reedscardino.com

Deron Dacus
Texas Bar No. 00790553
RAMEY & FLOCK
100 East Ferguson Street, Suite 500
Tyler, TX 75702
Telephone:  903-597-3301
Fax:  903-567-2143
derond@rameyflock.com

**ATTORNEYS FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, October 25, 2011.

<u>*/s/Jeff Johnson*</u>
Jeff Johnson