# EXHIBIT J

LexisNexis®

1 of 1 DOCUMENT

Copyright © 2010 by Practising Law Institute. All Rights Reserved.
Faber on Mechanics of Patent Claim Drafting

Incorporating Release No. 3
July 2010
#26380

ROBERT C. FABER

Chapter 3 Apparatus or Machine Claims

*Faber on Mechanics of Patent Claim Drafting § 3:28*

§ 3:28 Optional Word Clauses

U.S. patent claims, unlike claims accepted by many other patent offices, should not have optional event clauses or phrases as claim elements stating something that may not occur. As stated in M.P.E.P. § 2111.04, "claim scope is not limited by claim language that suggests or makes optional but does not require steps to be performed, or by claim language that does not limit a claim to a particular structure." The language is not indefinite, but is not limiting. The claim would be otherwise patentable and valid.

In this M.P.E.P. section, there is specific mention of "adapted to" or "adapted for" clauses, which are deemed non-limiting by the Patent Office. In the current experience of this writer, where one might have used "adapted," the Office is accepting "operable to (or for)" or "configured to (or for)" as limiting. "Adapted" suggests that it has the capability to cause but may not cause the action of the apparatus, whereas "configured" and "operable" establish respectively a structure and capability, whether or not the capability is exercised continuously or occasionally. Another example is "designed to (or for)."

"May" in a claim suggests the option of the feature being absent, making it unclear what is present or what is the condition. In *In re Johnson*, n329 a claim recited "further including that said wall may be smooth, corrugated, or profiled. . . ." The court held that claim language was not indefinite, but that the elements after the words "may" were optional and thus did not narrow the scope of the claim. This was a consideration when the claim was analyzed for obviousness. Therefore, although use of words that are not considered limitations, but which instead describe optional features, may not limit the scope of the claim for either patentability, validity, or infringement purposes, they also do not make the claim indefinite.

The same M.P.E.P. section suggests that some "whereby" or "wherein" clauses are not limitations and might not be construed as claim elements, although there is no prohibition of their use. n330

Another example of optional event claiming is a broader scope range and a narrower scope range, for example, one numerical or other quantitative range within another, or one range and an alternative number range in the same claim, or, more broadly, a broader scope element and recital of the same element of narrower scope in the same claim. n331

A further example is claiming an example or species in the same claim as the generic element that is being claimed. M.P.E.P. § 2173.05(c) illustrates such expressions. One example of a narrow and broad range in the same claim includes "a temperature between 45 [degree] C and 70 [degree] C, preferably between 50 [degree] C and 60 [degree] C." Another example is "a predetermined quantity, for example, the maximum quantity." Rather than having a single claim that includes both a broader scope and a narrower scope range or element, divide the claiming so that a broader claim

describes the broader scope or range and another claim describes the narrower scope range. But an open-ended numerical range (at least, more than, over, etc.) is not correspondingly indefinite.

Language in a claim that claims an example of a preceding more generic term would be indefinite. n332 Illustrative examples provided are "halogen, for example, chlorine," "a material such as rock wool or asbestos," and other "such as" examples.

In contrast to the above advice as to the claim, the specification should have options at event or structure elements, through use of words like "may," "aspect of the invention," "adapted," etc., in order in part to avoid part of the specification being imported into a claim as a restriction on the broader scope claim language because the specification suggested no alternative to the description in the specification.

**FOOTNOTES:**

n329 *In re Johnson, 77 U.S.P.Q.2d (BNA) 1788 (Fed. Cir. 2006).*

n330 *See* section 3:23.

n331 *See* section 3:17.

n332 M.P.E.P. § 2173.05(d).